**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| AURELIO TREJO-TREJO,<br><br>　　　Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS, in his official capacity as Secretary, U.S. Department of Homeland Security; TROY A. MILLER, in his official capacity as Acting Commissioner, U.S. Customs and Border Protection; CHRISTOPHER BULLOCK, in his official capacity as Field Office Director, U.S. Immigration and Customs Enforcement, New Orleans Field Office; and any other appropriate officials,<br><br>　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:26-cv-02452-SHL-atc |

**ORDER REQUIRING ADDITIONAL INFORMATION,**
**REQUIRING RESPONSE, AND STAYING TRANSFER**

On April 22, 2026, Plaintiff Aurelio Trejo-Trejo filed both (1) a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and (2) an Emergency Motion for Temporary Restraining Order, Stay of Removal, and Request for Release.  (ECF Nos. 1, 1-3.)  Confusingly, the Petition for a Writ of Habeas Corpus, which lacks any individualized facts and is copied from other cases, takes the form of a pro se template, even though Trejo-Trejo is represented by counsel.  Further, the Emergency Motion for Temporary Restraining Order was submitted as an attachment to the habeas template, but the Motion does not explain what is unlawful about Trejo-Trejo's detention.

It is unclear what relief Trejo-Trejo is seeking.  On the one hand, the fill-in-the-blank habeas petition alleges that he is wrongfully detained under 8 U.S.C. § 1225(b) in violation of

the Fourth, Fifth, and "eight" Amendments, for which he seeks release "to the extent necessary."[1]  (ECF No. 1 at PageID 6–7, 18.)  On the other hand, the Motion for Temporary Restraining Order states that he "challenges the timing and manner of [removal] and the lawfulness of his continued detention," but without any legal reason why his continued detention is unlawful.  (ECF No. 1-3 at PageID 13.)  Instead, he states that he seeks a temporary restraining order to prevent his imminent removal "so that he may pursue available statutory protections, including a reasonable fear interview and subsequent proceedings for withholding of removal and protection under the Convention Against Torture ('CAT')."  (Id. at PageID 11–12.)  But the legal foundation for that relief is murky.

Upon review of the filings, it is **ORDERED** as follows:

(1)     Trejo-Trejo shall, within **five days** of the filing of this order, supplement the Motion with a clear statement of the relief he seeks and its legal basis.

(2)     Trejo-Trejo shall, also within **five days** of this Order, **serve one copy each of the Petition and Motion (ECF Nos. 1, 1-1, 1-2, 1-3), his supplemental statement, and this Order (ECF No. 6)** on Respondents, and ensure that copies are delivered to the United States Attorney for the Western District of Tennessee at the following address:

> Stuart Canale, Assistant United States Attorney
> United States Attorney's Office
> 167 North Main Street
> Suite 800
> Memphis, TN 38103

---

[1] Attorneys at the firm of Trejo-Trejo's counsel have been repeatedly warned that recycling the same pro se habeas template in every case leads to confusion, especially because the same sparse facts are repeated for every client—to say nothing of the same misspellings. Accordingly, counsel is **DIRECTED** to stop using Form AO 242, a pro se habeas template, to file habeas petitions.  Although the Local Rules make exceptions for pro se parties, an attorney filing a petition in this district must adhere to the rules, including that filings must be double-spaced with font no smaller than 12-point type.  LR 7.1(b).

Additionally, Trejo-Trejo shall deliver a copy of **his supplemental statement and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.  Failure to fully comply with this requirement may justify dismissal of the Petition.  See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

(3)     Respondents shall respond in writing within **five days** after Trejo-Trejo has fully complied with the above service requirements.

(4)     Trejo-Trejo may file a reply within **two days** after Respondents' responsive filing.

(5)     Respondents shall not transfer Trejo-Trejo out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 23rd day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3